```
              UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

CHALMERS A. SIMPSON, JR.,           :     **CASE NO. 1:12-CV-01519**
                                    :
             Petitioner             :     (Judge Caldwell)
                                    :
     v.                             :     (Magistrate Judge Smyser)
                                    :
                                    :
PENNSYLVANIA BOARD OF PROBATION     :
AND PAROLE,                         :
                                    :
             Respondent             :

## REPORT AND RECOMMENDATION

Because the petitioner has not exhausted state remedies, we recommend that the petition for a writ of habeas corpus be dismissed.

I. Background and Procedural History.

On August 6, 2012, the petitioner filed a petition for a writ of habeas corpus. He is challenging how the Pennsylvania Board of Probation and Parole has calculated his parole revocation sentence. He contends that the Board should have credited him with six months backtime, and he asserts that if he is credited with that backtime he is entitled to immediate release.

II. Discussion.

In accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, we review the petition to determine whether it plainly appears from the petition that the petitioner is not entitled to relief.  It plainly appears from the petition that the petitioner has not exhausted state court remedies, and, therefore, he is not entitled to relief.

The petitioner characterizes his petition has a petition brought under 28 U.S.C. § 2241.

28 U.S.C. § 2241 confers jurisdiction on district courts to issue a writ of habeas corpus to a prisoner who "is in custody in violation of the Constitution or law or treaties of the United States."  28 U.S.C. § 2241(a) and (c)(3).  28 U.S.C. § 2254(a) confers jurisdiction on district courts to issue a writ of habeas corpus on behalf of persons "in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

In *Coady v. Vaughn*, 251 F.3d 480 (3d Cir. 2001), the United States Court of Appeals for the Third Circuit addressed the question of whether a state prisoner challenging the execution of his sentence may proceed by way of a § 2241 habeas petition or whether he must proceed by way of a § 2254 habeas petition. The prisoner in *Coady* was challenging the Pennsylvania Board of Probation and Parole's denial of parole as a violation of his rights under the United States Constitution. The court held that he must rely on § 2254 in challenging the execution of his sentence. *Id.* at 485. The court reasoned:

> It is a well-established canon of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one. *See Edmond v. United States*, 520 U.S. 651, 657, 117 S.Ct. 1573, 137 L.Ed.2d 917 (1997) ("Ordinarily, where a specific provision conflicts with a general one, the specific governs."); *Preiser v. Rodriquez*, 411 U.S. 475, 488-89, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (holding that prisoner challenging validity of his confinement on federal constitutional grounds must rely on federal habeas corpus statute, which Congress specifically designed for that purpose, rather than broad language of Section 1983); *West v. Keve*, 721 F.2d 91, 96 (3d Cir.1983). The rationale for this canon is that a general provision should not be applied "when doing so would undermine limitations created by a more specific provision." *Varity v. Howe*, 516 U.S. 489, 511, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996). In the instant action, both Sections 2241 and 2254 authorize Coady's challenge to the legality of his continued state custody. However, with respect to habeas petitions filed

> by state prisoners pursuant to Section 2254, Congress has restricted the availability of second and successive petitions through Section 2244(b). Allowing Coady to file the instant petition in federal court pursuant to Section 2241 without reliance on Section 2254 would circumvent this particular restriction in the event that Coady seeks to [file a second petition] for habeas relief and would thereby thwart Congressional intent. Thus, applying the "specific governs the general" canon of statutory construction to this action, we hold that Coady must rely on Section 2254 in challenging the execution of his sentence.

*Id.* at 484-85 (footnote omitted).

Like the prisoner in *Coady,* the petitioner in the instant case is in custody pursuant to a judgment of a state court and is challenging the execution of his sentence. Pursuant to *Coady*, we conclude that he may bring his habeas corpus petition only by way of a § 2254 petition.

A state prisoner must exhaust available state remedies before filing a petition for a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b) and (c). This requirement serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). "The exhaustion rule also serves the secondary purpose of facilitating the creation of a complete factual record to aid

4

the federal courts in their review." *Walker v. Vaughn*, 53 F.3d 609, 614 (3d Cir. 1995).

A habeas corpus petitioner bears the burden of demonstrating that he has exhausted state remedies. *O'Halloran v Ryan*, 835 F.2d 506, 508 (3d Cir. 1987). In order to exhaust state remedies for federal habeas corpus purposes, a petitioner must show that he has fairly presented his claims to the state courts. *Picard v. Connor*, 404 U.S. 270, 278 (1971). Further, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan, supra,* 526 U.S. at 845.

In Pennsylvania, to exhaust a claim regarding the revocation of parole, a prisoner must first file an administrative appeal with the Pennsylvania Board of Probation and Parole. *See* 37 Pa.Code § 73.1. From there he must seek review with the Commonwealth Court of Pennsylvania. *See* 42 Pa.C.S.A. § 763(a). Then he must file a petition for allowance of appeal in the Pennsylvania Supreme Court. *Williams v. Wynder,* 232 Fed.Appx. 177, 181 (3d Cir. 2007).

The petitioner asserts that he filed an administrative appeal with the Board on July 21, 2012, but he has not yet received a response to that appeal.  The petitioner has just started the exhaustion process.  He has not completed the process.

Because it is clear that the petitioner has not exhausted state remedies, we will recommend that the petition be dismissed without prejudice to the petitioner, if appropriate, timely filing another petition after he has exhausted state remedies.[1]

III.  Recommendations.

Because it plainly appears that the petitioner has not exhausted state remedies, in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States

---

1.  The result would be the same even if the petition were construed as a 28 U.S.C. § 2241 petition rather than a 28 U.S.C. § 2254 petition.  Although Section 2241 does not contain an explicit exhaustion requirement, such a requirement has developed through decisional law. *Moore v. DeYoung*, 515 F.2d 437, 442 (3d Cir. 1975).  "[A]lthough there is a distinction in the statutory language of §§ 2254 and 2241, there is no distinction insofar as the exhaustion requirement is concerned." *Id.*

District Courts we recommend that the petition be dismissed without prejudice and that the case file be closed.

                                           ***/s/ J. Andrew Smyser***
                                           J. Andrew Smyser
                                           Magistrate Judge

Dated:  August 10, 2012.